**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **ANNETTE JONES,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION** |
| **HSBC USA BANK, N.A. AND HSBC MORTGAGE SERVICES, INC.,** | ) | **FILE NO. 1:13-CV-00835-ODE** |
| **Defendants.** | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**COME NOW** Defendants HSBC Bank USA, N.A. (incorrectly designated in the Complaint as "HSBC USA Bank, N.A.") and HSBC Mortgage Services Inc. ("HSBC," and with HSBC Bank USA, N.A., "Defendants"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, specifically reserving their right to seek arbitration pursuant to contractual agreements and the Federal Arbitration Act ("FAA"), and pursuant to Fed. R. Civ. P. 12(b), file this Memorandum in Support of Motion to Dismiss in the above-styled action, respectfully showing the Court as follows:

## I. INTRODUCTION

All of Plaintiff Annette Jones's ("Plaintiff") claims against Defendants should be dismissed with prejudice because all of Plaintiff's claims are either barred as a matter of law or are so vague and conclusory that they fail to state a claim upon which relief can be granted. In her "Verified Complaint for Breach of Fiduciary Duty" (the "Complaint"), Plaintiff asserts one count against Defendants for "contractual breach of good faith and fair dealing and breach of fiduciary duty owed to Plaintiff" entirely based on Plaintiff's allegations that Defendants failed to modify her loan. (See Complaint, Doc. # 1-1). All of Plaintiff's claims should be dismissed because Defendants did not owe Plaintiff a duty to modify her loan and Defendants cannot be liable for breach of good faith and fair dealing and/or breach of fiduciary duty as a matter of law.

## II. PROCEDURAL HISTORY/ALLEGATIONS IN THE COMPLAINT

All of Plaintiff's claims in this action arise from Plaintiff's alleged application for a loan modification to prevent the non-judicial foreclosure sale of Plaintiff's mortgage loan secured by real property located at 4888 Mosley Chase Way, Austell, Georgia 30106 (the "Property"). On or about May 25, 2006, Plaintiff obtained a loan from HSBC's predecessor in interest, M&I Bank FSB ("M&I"), in the original principal amount of $168,000.00 (the "Loan"). (See

generally Complaint, and Exhibits A and B hereto).[1] In connection with the Loan, Plaintiff signed a promissory note in favor of M&I and its successors and assigns, wherein Plaintiff agreed and promised, among other things, to repay the Loan in its entirety (the "Note"). (See generally Complaint, and Exhibit A hereto). Plaintiff also signed a Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for M&I and its successors and assigns, dated May 25, 2006 and recorded on July 3, 2006 at Deed Book 14352, Page 1165 of the Cobb

[1] Copies of the Note, the Security Deed, and the Assignment are attached hereto as Exhibits "A"-"C," respectively, for the Court's reference and convenience, and to give the Court some background about the facts leading up to this lawsuit. This Court has held that "when addressing a motion to dismiss, the Court 'may also consider any attachments to the complaint, matters of public record, orders, and items appearing in the record.'" Andrade v. CitiMortgage, Inc., No. 4:11-CV-00210-HLM (N.D. Ga. Oct. 11, 2011) (quoting Clark v. Bibb County Bd. of Educ., 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001) and 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1364 (3d ed. 2004) (stating that "judicial notice may be taken of prior pleadings and proceedings. . . transcripts of prior court proceedings, and various documents that are matters of public record")) (considering copies of real estate documents filed in the Office of the Clerk for the Superior Court of Paulding County, Georgia in deciding a motion to dismiss). Further, in considering a motion to dismiss under Rule 12(b)(6), the Eleventh Circuit has held that extrinsic documents can be considered where those documents are referred to in the complaint and are central to the plaintiff's claim. Sturm v. Marriott Marquis Corp., 85 F. Supp. 2d 1356, 1366 (N.D. Ga. 2000) (citing Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999)); Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997); 5th Bedford Pines Apartments, Ltd. v. Brandon, 262 F. Supp. 2d 1369, 1375 (N.D. Ga. 2003). Because these documents either are referred to in the Complaint and central to Plaintiff's claims or are matters of public record, the Court can properly consider these documents in ruling on the instant Motion.

County, Georgia real property records, wherein Plaintiff granted MERS a security interest in the Property to secure her indebtedness under the Note (the "Security Deed"). (See Complaint, and Exhibit B hereto).

The Loan, including the Note and Security Deed, was subsequently transferred and assigned to HSBC. (See Exhibits A and C hereto). MERS, as nominee for M&I and its successors and assigns, executed a Corporate Assignment of Security Deed dated July 17, 2012 and recorded July 19, 2012 at Deed Book 14963, Page 3434 of the Cobb County, Georgia real property records, transferring all of MERS's interests in and to the Security Deed to HSBC (the "Assignment"). (See Exhibit C hereto). Plaintiff subsequently defaulted on the Loan. (See Complaint).

Plaintiff claims that she contacted HSBC about a loan modification and submitted "all of the documentation the Defendant requested." (Complaint, ¶¶ 11-12). Plaintiff further alleges that HSBC "advised that they would only grant Plaintiff a temporary loan modification," and that "the lowest interest rate available was five percent," when "the average interest rate on a 30 year mortgage was approximately 3.25 percent." (Complaint, ¶¶ 13-15). Plaintiff asserts that HSBC "refuses to offer anything further restructuring to the client outside of the six month window that they initially allotted." (Complaint, ¶ 16). Based on these sparse

allegations, Plaintiff claims that Defendants are liable for breach of the duty of good faith and fair dealing and for breach of fiduciary duty. (See Complaint, Count I). However, all of Plaintiff's claims and theories fail as a matter of law, as discussed herein, and should be dismissed with prejudice.

## III. STANDARD OF REVIEW

To withstand dismissal under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility is established when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although "the pleading standard does not require detailed factual allegations . . . [it] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Thus, courts are not bound to accept as true a legal conclusion couched as a factual allegation. Iqbal, 129 S. Ct. at 1949-50 (citation omitted). See also Financial Security Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007) (holding

that in order for a plaintiff to satisfy its obligation to provide the grounds of an entitlement to relief under Twombly, a plaintiff must allege more than labels and conclusions; rather, the complaint must include factual allegations adequate to raise a right to relief above the speculative level); Mack v. City of High Springs, 486 Fed. Appx. 3, 6 (11th Cir. 2012) ("To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under **some viable legal theory**." (internal quotation omitted) (emphasis added)).

## IV. ARGUMENT AND CITATION OF AUTHORITY

Applying the standard of review to this case, it is clear that Plaintiff's Complaint fails to comply with the pleading requirements and should be dismissed. The Complaint contains nothing more than labels and conclusions. Further, the few facts alleged by Plaintiff in the Complaint cannot support a claim against Defendants under Georgia law.

### A. Defendants Do Not Have a Duty to Modify Plaintiff's Loan.

All of Plaintiffs claims and allegations in her Complaint arise out of her argument that Defendants should have modified (or offered Plaintiff a better modification of) Plaintiff's Loan. (See generally Complaint). However, this theory cannot support any claim against Defendants under Georgia law because

"[Defendants] did not owe a duty to Plaintiff to modify the loan." Barley v. Everhome Mortgage Co., No. 1:10-CV-04036-WSD, 2011 U.S. Dist. LEXIS 155983, *8 (N.D. Ga. April 26, 2011) (finding that "[a]though they began the modification process, [the lender] was not obligated to accept Plaintiff's [loan modification application], and did not breach any duty owed to Plaintiff by not concluding the agreement"). See also Barber v. SunTrust Mortgage, Inc., No. 1:11-CV-01818-RWS, 2012 U.S. Dist. LEXIS 159328, *8 (N.D. Ga. Nov. 6, 2012) (recognizing that a lender "had no duty to either postpone the foreclosure or to modify the loan"); Ligon v. BAC Home Loans Servicing, No. 1:11-CV-03811-RWS-JFK, 2012 U.S. Dist. LEXIS 137234, *30-31 (N.D. Ga. August 13, 2012) (finding that the plaintiffs' claims relying on allegations that BANA had a legal duty to give the plaintiffs a permanent loan modification should be dismissed for failure to state a claim upon which relief can be granted), adopted in part by 2012 U.S. Dist. LEXIS 137228 (N.D. Ga. Sept. 25, 2012). Thus, Defendants did not owe a duty to Plaintiff to modify her Loan, and Plaintiff's claims in the Complaint fail as a matter of law and must be dismissed.

**B. Plaintiff's Claim for Breach of the Duty of Good Faith and Fair Dealing Fails.**

Plaintiff asserts a claim for "contractual breach of good faith and fair dealing" in the Complaint, alleging that "Defendant has not acted in the best

interests of the Plaintiff during the events alleged in this complaint." (Complaint, Count I). However, Plaintiff's claim fails as a matter of law because an independent cause of action for breach of good faith and fair dealing does not exist outside of a claim for breach of contract and Plaintiff has not asserted (nor can she assert) a breach of contract claim against Defendants.

"Under Georgia law, the covenant [of good faith and fair dealing] is not an independent contract term" and is "strictly derivative of a breach of contract claim and cannot be maintained independently." APA Excelsior III, L.P. v. Windley, 329 F.Supp.2d 1328, 1365 (N.D. Ga. 2004) (internal punctuation and citation omitted). Accord OnBrand Media v. Codex Consulting, Inc., 301 Ga. App. 141, 147 (2009) (Georgia law is clear that "there exists . . . no independent cause of action for breach of good faith and fair dealing outside of a claim for breach of contract." Morrell v. Wellstar System, Inc., 280 Ga. App. 1, 5 (2006)). See also Miller v. Chase Home Finance, LLC, 677 F.3d 1113, 1117 (11th Cir. 2012) (when the plaintiff argued that Chase "breached its duty of good faith and fair dealing under his original loan agreement by refusing to permanently modify his loan," the Court found that "[u]nder Georgia law, . . . that duty cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis of liability" and affirmed the dismissal of the plaintiff's claims based on a denial of

a permanent loan modification) (internal citations omitted)). Here, Plaintiff has asserted an independent cause of action for breach of good faith and fair dealing. Plaintiff has not asserted, nor can she assert, a claim for breach of contract. Georgia law, as applied by this court, is clear and Plaintiff cannot maintain an independent cause of action for breach of good faith and fair dealing.

**C. Plaintiff's Claim for Breach of Fiduciary Duty Fails.**

Plaintiff alleges that Defendants owed, and breached, fiduciary duties to Plaintiff by failing to approve Plaintiff for a loan modification. (See generally Complaint). Plaintiff's claim for breach of fiduciary duty should be dismissed for at least two reasons. First, as demonstrated above, Defendants did not owe Plaintiff a duty to modify her Loan. Accordingly, Defendants did not breach any duties, fiduciary or otherwise, allegedly owed to Plaintiff in connection with the Loan.

Second, Plaintiff's claim for breach of fiduciary duty against Defendants fails as a matter of law because Georgia law "does not create a confidential or fiduciary relationship between a financial institution and those with whom it deals." Arp v. United Community Bank, 272 Ga. App. 331, 334 (2005). Thus, no fiduciary relationship existed between Plaintiff and Defendants because their relationship was one of debtor-creditor. In Georgia, the law is well-settled that:

> no confidential relationship exists between a [financial institution] and its customers merely because the customer had advised with, relied upon, and trusted [its employees] in the past . . . There is, moreover, particularly no confidential relationship between lender and borrower or mortgagee and mortgagor for they are creditor and debtor with clearly opposite interests.

Arp, 272 Ga. App. at 334. See also Dollar v. Nationsbank of Georgia, N.A., 244 Ga. App. 116, 117 (2000) (finding that borrower was not entitled to rely on representation of lender regarding the procurement of insurance on the secured property because, where borrower and lender were involved in an arms-length mortgage transaction, "there was no confidential relationship, and [borrower] had a duty to exercise ordinary diligence to protect her own interest" because "[the lender's] primary duty was to protect its interest in the security of the mortgage"); May v. C&S Nat'l Bank, 202 Ga. App. 217, 218 (1991) (finding that creditors deal with debtors at arm's length and do not stand in a fiduciary capacity in relationship to debtors, even where the debtor places special trust and confidence in the creditor or its officers). Because Defendants did not owe, and thus could not have breached, any fiduciary duties to Plaintiff as a matter of law, Plaintiff's claim for breach of fiduciary duty should be dismissed.

**D. Plaintiff's Derivative Claims for Punitive Damages, Attorneys' Fees and Litigation Expenses Fail and Should Be Dismissed.**

Because all of Plaintiff's claims fail for the reasons set forth above, Plaintiff cannot prevail on her derivative claims for punitive damages, attorney's fees and costs of litigation. Georgia law is clear that the award of attorney's fees, in the absence of any finding of liability and actual damages, is improper as a matter of law. See D.G. Jenkins Homes, Inc. v. Wood, 261 Ga. App. 322, 325 (2003); Daiss v. Woodbury, 163 Ga. App. 88, 88 (1982); Parker v. Scrap Metal Processors, Inc., 386 F.3d 993, 1019 n.34 (11th Cir. 2004)(citing Georgia law). Accordingly, because Defendants cannot be found liable to Plaintiff on any of Plaintiff's claims, any award of punitive damages or attorney's fees against Defendants in this action would be improper as a matter of law. Further, Plaintiff is proceeding *pro se* in this matter, and thus cannot seek an award of attorney's fees. See Handy v. Cook, No. 5:10-CV-271 MTT, 2011 WL 3417108, at *2 n.6 (M.D. Ga. Aug. 4, 2011).

## V. CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendants respectfully requests that this Court enter an Order dismissing all of Plaintiff's claims in this action with prejudice.

Respectfully submitted this 22nd day of March, 2013.

*s/ Alan D. Leeth*

Alan D. Leeth
Georgia Bar No. 472031
aleeth@burr.com
Amanda E. Wilson
Georgia Bar No. 165135
awilson@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, Suite 1100
Atlanta, Georgia 30363
(404) 815-3000

Attorneys for Defendants
HSBC BANK USA, N.A. AND HSBC MORTGAGE SERVICES INC.

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

*s/ Alan D. Leeth*
Alan D. Leeth
Georgia Bar No. 472031
aleeth@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2013, I presented the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

NONE

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Annette Jones, Pro Se
4888 Mosley Chase Way
Austell, Georgia 30106

*s/ Alan D. Leeth*
Alan D. Leeth
Georgia Bar No. 472031
aleeth@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244